UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

FRANCES CARTER

VERSUS

LOUISIANA HEALTH SERVICE &
INDEMNITY COMPANY, D/B/A BLUECROSS
BLUE SHIELD OF LOUISIANA

CIVIL ACTION

NO. 10-557-JJB-SCR

## RULING ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on Defendant's motion (doc. 12) for summary judgment. Plaintiff filed an opposition (doc. 20). There is no need for oral argument. This Court's jurisdiction exists pursuant to 28 U.S.C. §§ 1331 and 1367.

The following facts are undisputed. On July 24, 2009, Plaintiff Frances Carter, resigned from her employment with Defendant Louisiana Health & Indemnity Company, d/b/a Bluecross Blueshield of Louisiana ("BCBSLA")—a domestic corporation with its registered office in East Baton Rouge Parish, Louisiana (doc. 12, ex. B). On July 23, 2010, Plaintiff filed her complaint[1] in the 21st Judicial District Court of Louisiana, located in Livingston Parish (doc. 12, ex. A). Defendant was served with Plaintiff's complaint on August 5, 2010 (doc. 12, ex. B). On August 26, 2010, Defendant removed the case to this Court (doc. 1).

---

[1] Plaintiff's complaint alleges that Defendant (1) retaliated against Plaintiff for her refusal to use alleged trade secrets and for reporting the use of trade secrets; (2) created a hostile work environment; (3) constructively discharged Plaintiff; (4) intentionally inflicted emotional distress upon Plaintiff; (5) violated Plaintiff's civil rights under the First Amendment rights to protest and complain about alleged violations of law on the part of her employer (doc. 1).

1

On December 2, 2010, Defendant filed its motion (doc. 12) for summary judgment. Defendant asserts that Plaintiff's claims have expired because Plaintiff did not file suit in a proper venue or serve Defendant within the one-year prescriptive period.[2] On January 18, 2011, Plaintiff filed her opposition (doc. 20). Plaintiff asserts that her claims have not expired because Defendant has refused to verify that she was an employee to prospective employers as recently as July 2010 (doc. 20).

Summary judgment is appropriate if the evidence establishes that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. Rule Civ. P. 56(c). If the movant does not bear the burden of persuasion on the issue at trial, the movant may establish its entitlement to summary judgment by demonstrating that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After a proper motion for summary judgment is made, the non-movant must set forth specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

In Louisiana, delictual actions are subject to a one-year prescriptive period running from the date of injury. La. Civ. Code art. 3492. Moreover, actions under 42 U.S.C. § 1983 are treated as tort claims for personal injury and are subject to the same prescriptive period as analogous causes of action under

---

[2] Defendant also asserted that Plaintiff failed to state a claim for violation of trade secrets (doc. 12). Plaintiff concedes that she is not pursuing a claim for violation of trade secrets (doc. 20).

state law. *Wilson v. Garcia*, 471 U.S. 261, 276 (1985). "Prescription is interrupted when the [plaintiff] commences action . . . in a court of competent jurisdiction and venue." La. Civ. Code art. 3492. However, "if the action is commenced in an incompetent court or in an improper venue, prescription is interrupted only as to a defendant served by process within the prescriptive period." *Doe v. Delta Women's Clinic of Baton Rouge*, 37 So. 3d 1076, 1079 (La. Ct. App. 1st Cir. 2010). The proper venue for an action against a domestic corporation is the parish where its registered office is located. La. Code of Civ. P. art. 42(2).

The Court finds that there is no genuine issue of material fact. Plaintiff has produced no evidence that Defendant continued to retaliate against her by refusing to verify her employment to prospective employers. Therefore, the Court finds that the last injury she allegedly sustained occurred on July 24, 2009, the day she resigned (doc. 12, exs. A & B). Plaintiff filed suit on July 23, 2010 (doc. 12, ex. A). However, Plaintiff filed suit in an improper venue; BCBSLA maintains its registered office in East Baton Rouge Parish and not Livingston Parish, where the suit was filed (doc. 12, exs. A & B). Moreover, Defendant was not served until August 5, 2010, after the prescriptive period had run (doc. 12, ex. A).

The Court also finds that Defendant is entitled to prevail as a matter of law. Plaintiff's claims were subject to a one-year prescriptive period running from the date of injury. La. Civ. Code art. 3492; *Wilson*, 471 U.S. at 276. Moreover,

Plaintiff neither filed his suit in a court of competent jurisdiction and venue nor served Defendant within the prescriptive period, and so prescription was never interrupted. La. Civ. Code art. 3492; *Delta Women's Clinic*, 37 So. at 1079. As such, Plaintiff's claims have prescribed.

## CONCLUSION

Accordingly, the Court hereby GRANTS Defendant's motion (doc. 12) to dismiss each of Plaintiff's claims.

Signed in Baton Rouge, LA this 28th day of January, 2011.

Honorable James J. Brady
United States District Court
Middle District of Louisiana